# County of York *versus* Crafton et al.

The provisions of the Act of April 10th 1873, Pamph. L. 640, entitled "An Act relating to costs in criminal proceedings in York county," do not render said county liable for the payment of any costs for which they were not liable prior to the passage of the Act. Said county is not, therefore, liable for the costs in surety of the peace cases, unless it is so ordered by the court.

May 17th 1882.  Before SHARSWOOD, C.J., MERCUR, GOR-
DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *York county :*
Of July Term 1882, No 71.

Case stated, wherein John A. Crafton and Walter B. Ruby
were plaintiffs and the County of York was defendant, setting
forth as follows :

"John A. Crafton and Walter B. Ruby, the plaintiffs above
named, brought suit against the County of York, the defend-
ant above named, to recover $15.91 fees for services rendered as
constables in a certain case heard and determined in the Court
of Quarter Sessions of the Peace of York county, of which the
following is a copy of the record, namely: 'Commonwealth *v.*
Edward Pritz.  No. 17, September Sessions, 1881.  Charge,
Surety of the Peace.  February 6th 1882, case called for trial.
After hearing, the court continue the recognizance of the
defendant in the sum of $300 with one surety, to be approved
by the court, conditioned that he keep the peace toward all
good citizens of this commonwealth, and especially toward the
prosecutor, George Platts, for the space of six months from
this date ; that he pay the costs of prosecution, and give security
to pay the same in ten days, and stand committed until this
sentence be complied with.  Same day recognizance No. 16
filed.  Went to jail.'

"It is agreed that the services for which suit was brought
were rendered, and it is also agreed that the defendant, Edward
Pritz, was committed to jail on failure to pay costs of pros-
ecution under the above sentence, and is not able to pay costs.

"If the court be of the opinion that the county of York
is liable for constables' fees in this case, then judgment to be
entered for the plaintiffs for $15.91 ; but if not, then judgment
to be entered for the defendant.  The costs to follow the judg-
ment, and either party reserving the right to sue out a writ of
error therein."

The court, after argument, entered judgment for the
plaintiffs for $15.91 and costs, GIBSON, A. L. J., filing the fol-
lowing opinion :—

The plaintiffs brought suit before a Justice of the Peace for
fees as constables, in the case of Commonwealth *v.* Pritz, amount-
ing to $15.91.  After appeal taken, a case was stated for the opin-
ion of the court, from which it appears that Commonwealth *v.*
Pritz, No. 17 September Sessions, 1881, was a proceeding under
the 6th section of the Criminal Code of 1860, Bright. Purd. 376,
pl. 6, known as surety of the peace.  The defendant was bound
over by the justice in the sum of $300, to appear at the Septem-
ber Sessions, and after hearing, the court continued the recogni-
zance, with surety to keep the peace, especially toward George

[County of York *v.* Crafton.]

Platts, the prosecutor, for the space of six months, and "that he pay the costs of prosecution, give security to pay the same in ten days, and stand committed until the sentence be complied with." That thereupon the defendant went to jail, and that he is not able to pay costs.

The question submitted is, whether "the county of York is liable for constables' fees in this case?"

A special act relating to the county of York—Act of April 10th 1873, P. L. 640—entitled, "Act relating to costs in criminal proceedings in York county," provides as follows: "That in all cases of criminal prosecution in the courts, where by law the county of York is now liable to pay the costs of prosecution, including surety of the peace cases, after the conviction of a defendant, upon his discharge, according to law, without payment of costs, the said county shall be immediately liable to pay the costs of prosecution as soon as the defendant shall be convicted, without waiting for his discharge according to law, without payment of the same."

Since the passage of this act, the county has paid the costs in surety of the peace cases, but the commissioners now raise the question of liability. It was contended on the argument that the title of this act does not cover the provision, "including surety of the peace cases," and that therefore that provision is void under the 8th section of the amendment of 1857: "No bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills."

The abuse intended to be remedied by this amendment to the constitution is well known by all who are familiar with the character of legislation prior to its adoption, in what are known as omnibus bills, in which the several sections would contain distinct subjects, and the title, after enumerating several, would conclude with the words "and for other purposes:" Commonwealth *v.* Green, 8 S. 226; and see with reference to the amendment, In re Church Street, 4 S. 353; Blood *v.* Mercelliott, 3 S. 391. It would seem that "an act relating to costs in criminal proceedings in York county," could as readily be held to apply to costs in surety of the peace cases, as to the immediate payment of costs in cases of conviction of crime. There is but one subject named—costs in criminal proceedings in York county.

At the time of the passage of this act, the county was not liable to pay the costs of prosecution in cases of surety of the peace, except where it was so ordered by the court; nor was the county liable to pay the costs of prosecution in cases of conviction of crime, until after the discharge of the defendant: Code of 1860, sec. 64, P. L. 445, Br. Purd. 391. Therefore

[County of York *v.* Crafton.]

when the act says, " in all cases of criminal prosecution in the courts, where by law the county of York is now liable to pay the costs of prosecution," it can have reference only to cases of " conviction of any crime," and when the words, " including surety of the peace cases," were added, it meant that the county should be liable to pay the costs of prosecution in such cases, as well as in cases of conviction of crime, and the general provision is that all such costs should be payable in York county immediately, without waiting for the discharge of the defendant. The title of the act aids this construction, and shows the intention to enlarge the subject by relation to criminal proceedings in the county of York, and is not confined to felony and misdemeanors, which are commonly known as criminal prosecutions.

Judgment is therefore rendered for plaintiffs for $15.91 and costs.

Wickes, P. J., filed the following opinion :

I cannot agree with my learned brother that the act approved April 10th 1873 (P. L. 640), has the effect of creating a new liability on the part of the county defendant. It was simply intended to alter the time when the county should pay in cases where it was liable before the passage of the act in question. To enable the parties, however, to take the question involved to the Supreme Court, I will concur in the judgment entered for plaintiffs.

The defendant thereupon took this writ of error, assigning for error the entry of judgment for the plaintiffs on the case stated.

*Levi Maish* and *John Blackford*, for the plaintiff in error.

*E. D. Zeigler*, for defendants in error.

Mr. Justice Paxson delivered the opinion of the court, October 2d 1882.

We cannot agree with the learned court below that the act of April 10th 1873, P. L. 640, has the effect of imposing a new liability upon the county of York for costs. Indeed, if we take the preamble of said act as evidence of the legislative intent, we find that no such result was contemplated. It reads as follows : " Whereas, In criminal prosecutions the county of York is not now legally liable to pay costs, in case of conviction, until the defendant has served out his sentence and been discharged according to law, without payment of costs, by reason whereof officers and witnesses are long delayed in recovering their fees, and subjected to great hardship thereby ; for remedy

[County of York v. Crafton.]

whereof," &c. Then follows the enacting clause, which provides "That in all cases of criminal prosecution in the courts, where by law the county of York is now liable to pay the costs of prosecution, including surety of the peace cases, after the conviction of a defendant, upon his discharge according to law, without payment of costs, the said county shall be immediately liable to pay the costs of prosecution as soon as the defendant shall be convicted, without waiting for his discharge according to law, without payment of the same."

At the time of the passage of this act, as was correctly stated by the court below, the county was not liable to pay the costs of prosecution in cases of surety of the peace, except where it was so ordered by the court; nor was the county liable to pay the costs of prosecution in cases of conviction of crime until after the discharge of the defendant. See Code of 1860, sec. 54, P. L. 445. The act of 1873, before cited, was plainly intended to alter the time when the county should pay in cases where by the law in existence at that time the county was liable. Do the words " including surety of the peace cases," contained in said act, impose upon the county a liability to pay the costs in all such cases? If so, it repeals that portion of the 64th section of the act of March 31st 1860, which provides that in surety of the peace cases " the costs shall be paid by the prosecutor or the defendant, or jointly between them, or the county, as the court may direct." The policy of compelling the county to pay the costs in all such cases is so questionable that we will not impute such an intent to the legislature where it is not so expressed in the act. The object of using the words "including surety of the peace cases," in the act of 1873, is not clear. It may have been the result of a blundering amendment to the bill in its passage through the legislature, or the draftsman of the act may have assumed that the county was liable to pay the costs in such cases, which would account for the introduction of the words referred to. Be that as it may, we are of opinion that the act of 1873 was intended merely to secure the prompt payment of costs in cases in which the county was at that time liable, and not to impose any new liability upon the county.

The judgment is reversed, and it is now ordered that judgment be entered for the defendant below upon the case stated.