COUNTY OF BRADFORD v. JOHNSON WELLS ET AL.

125    319
26 SC 612

ERROR TO THE COURT OF COMMON PLEAS OF BRADFORD
COUNTY.

Argued March 19, 1889—Decided April 8, 1889.
[To be reported.]

When a charge of misdemeanor is tried before a jury of six, under the
act of May 1, 1861, P. L. 682, and its several supplements, in force in
certain counties, the county is not liable for the costs in case the jury
acquit the defendant and impose the costs upon the prosecutor, and this
notwithstanding the act of May 19, 1887, P. L. 138: Codding v. Brad-
ford Co., 116 Pa. 47, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.

No. 54 July Term 1888, Sup. Ct.; court below, No. 300
December Term 1887, C. P.

On October 17, 1887, a case stated was filed, wherein John-
son Wells, A. Decker, G. V. Myer, James Thornton, W. L.
Carpenter, George Quigley, D. Stone, G. C. Hollon and Charles
M. Hall, were plaintiffs, and the county of Bradford was
defendant, and in which it was agreed as follows:

That the plaintiffs, Johnson Wells and G. C. Hollon, were
constables of the county of Bradford; Charles M. Hall was a
justice of the peace of said county for the borough of Towanda:
the other plaintiffs were jurymen who acted as such in a crimi-
nal cause instituted before said justice and tried in pursuance
of the act of May 1, 1861. P. L. 682, and its supplementary
acts of April 5, 1862, P. L. 274, and February 14, 1867, P. L.
197. That Henry Campbell, the prosecutor in the cause, upon
whom the said jury imposed the costs of the trial, was dis-
charged according to law on July 15, 1887; that on July 22,
1887, the plaintiffs presented to the commissioners of the county
of Bradford a transcript of the proceeding, as attached and
made a part of the case stated, and demanded payment of the
costs of said proceedings.

If in the opinion of the court, the county of Bradford was liable for the costs of the justice, constable and jurymen, as shown and itemized on said transcript, then judgment was to be entered for the plaintiffs; but if there were no liability on the part of said county for the costs, then judgment was to be entered for the defendants. Either party, etc.

The attached transcript showed that on June 11, 1887, upon the information of Henry Campbell before said justice, charging the defendant with the commission of an assault and battery, the defendant was arrested and the cause duly tried on June 15, 1887, under the acts of assembly, referred to in the case stated, before a jury of six, who found that the defendant was not guilty and that Henry Campbell, the prosecutor, pay the costs, whereupon the defendant was discharged and judgment passed that Henry Campbell pay the costs or stand committed; that on the same day a commitment issued and Henry Campbell was committed to the county jail, whence, on July 15, 1887, having been imprisoned thirty days, he was discharged. The costs of the case were taxed upon the margin of the transcript.

The case stated having been argued, the court, SITTSER, P. J., filed the following opinion:

June 11, 1887, Henry Campbell instituted a criminal prosecution against S. Bond for assault and battery. The defendant demanded a trial by the justice and jury of six, which was accorded to him. It resulted in a verdict of not guilty and that Henry Campbell, the prosecutor, pay the costs. The prosecutor was sentenced, committed to the county jail for thirty days, and discharged according to law, without paying the costs. The plaintiffs, the constable, jurymen and justice, demanded their costs of the commissioners of Bradford county and were refused payment. The case stated raises the question as to whether they are entitled to payment of their costs from the county.

The act of May 1, 1861, § 7, P. L. 683, in force in Bradford county, provides that the jury shall have the same control and jurisdiction over the payment of costs as in the Court of Quarter Sessions, " Provided, That the county shall in no case be liable for either the prosecutor's or the defendant's bill of

costs." That the county would be liable in case of conviction is shown by the case of Codding v. Bradford County, 116 Pa. 47. It is conceded that the verdict and sentence in this case, if in the Quarter Sessions, would not make the county liable, as the law stood in 1861; but the act of May 19, 1887, provides "that the costs of prosecution accruing in every case of misdemeanor in any of the Courts of Quarter Sessions of the peace of this commonwealth shall, on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of the traverse jury and sentence of the court thereon, be immediately chargeable to and paid by the proper county." This extends the liability of the county. The verdict of the traverse jury, acquitting the defendant and imposing costs on the prosecutor now makes the county liable. That act of 1861 making the control of costs the same in the justice's court as in the Quarter Sessions makes the power of the jury in that court the standard by which the power of the other is to be measured, and when the one is changed or extended the other is changed and extended with it.

We direct judgment for the plaintiffs for the costs of the justice, constable and jurymen, as shown and itemized on the transcript attached to the case stated.

Judgment having been entered for the plaintiffs, the defendant took this writ, assigning said judgment as error.

*Mr. I. McPherson* (with him *Mr. E. J. Angle*), for the plaintiff in error:

1. The act of May 1, 1861, P. L. 682, extended to Bradford county by the act of February 14, 1867, P. L. 197, provides that when the defendant is sentenced upon a conviction by plea or verdict of guilty, it shall have the full force and effect of a like sentence in the Court of Quarter Sessions. But the sentence imposed by the justice in this case was not upon a conviction of the defendant in either form. The construction given to §§ 2 and 7 of the act, in Codding v. Bradford Co., 116 Pa. 47, as well as the sections themselves, is foreign to this case.

2. Section 62, act of March 31, 1860, P. L. 445, provides, inter alia, that " The jury trying the same shall determine by

their verdict whether the county, the prosecutor, or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and defendant," etc.    When the petit jury does not impose costs upon the county, the default of the party upon whom they were imposed, will not render the county liable.   The act of May 19, 1887, P. L. 138, does not affect or control in the slightest degree the "jurisdiction or control" of petit juries over the payment of costs under the act of 1860.    To recover costs accrued in a criminal proceeding, from the county, a statute creating the liability must be shown: Crawford Co. v. Barr, 92 Pa. 363.

*Mr. C. M. Hall,* for the defendants in error:

1. It was evidently the intention of the legislature in providing the special jurisdiction given in the act of 1861, and its supplements, to make it in all respects, save the expressed exceptions as to bills of costs and confinement in the penitentiary, "to have the same force and effect of a sentence pronounced by the Court of Quarter Sessions in like cases," and that, in cases of acquittal as well as of conviction.    The act of 1861 and 1887, being both remedial, are to be construed liberally: Lamoreux v. Luzerne Co., 116 Pa. 195.

2. The liability of the county, in any particular case tried under the act of 1861, is to be determined by the standard of liability in the Court of Quarter Sessions, whether under the act of 1860, or 1887.   It is the case of a special statute which can have no living force, no substantial vitality, except as a part of the general act of 1860 regulating costs and criminal procedure.   The act of 1860 was modified by the act of 1887, so that the liability of the county for costs in misdemeanors, in the Court of Quarter Sessions, was increased to cover all cases, whatever the verdict of the jury said as to costs.   Codding v. Bradford Co., 116 Pa. 47, is not inapplicable.   It comments upon Crawford Co. v. Barr, 92 Pa. 363, in a way that makes it remarkable that it should be cited at all in this case.

OPINION, MR. JUSTICE GREEN:

We are unable to agree with the learned court below in the conclusion reached in this case.   In the opinion it is said: "It is conceded that the verdict and sentence in this case if in the

Quarter Sessions would not make the county liable as the law stood in 1861." This is undoubtedly correct, for the simple reason that neither the act of 1861 nor any other law, prior to the act of 1887, imposed liability upon the county upon the particular conditions mentioned in the latter act. The act of May 19, 1887, P. L. 138, provides, " that the costs of prosecution accruing in every case of misdemeanor in any of the Courts of Quarter Sessions of the peace of this commonwealth, shall on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of the traverse jury and sentence of the court thereon, be immediately chargeable to and paid by the proper county." The conditions of liability on the part of the county as established by this act are, that the case shall be a misdemeanor in a Court of Quarter Sessions, that the prosecution shall have terminated by the bill of indictment being ignored by the grand jury, or that it shall have been terminated by the verdict of the traverse jury and sentence of the court thereon. None of these conditions either did or could subsist in the present case. It was not a case in any court of Quarter Sessions, there was no bill of indictment by a grand jury, and the prosecution was not terminated either by an ignoramus, or by the verdict of a traverse jury and sentence of the Court of Quarter Sessions. The case was a proceeding before a justice of the peace, under a local law applicable to particular counties only, whose proceedings, it is true, are to have the same force and effect as in the trial of similar offences in the Court of Quarter Sessions, and with the same power in the jury to impose costs as is conferred upon juries in the Court of Quarter Sessions, but it is a special and limited jurisdiction still. The jury did not see fit to impose any of the costs upon the county, and this would have relieved the county from any liability even in the Quarter Sessions until the passage of the act of 1887. But that act did not embrace cases arising before justices under the special and limited jurisdiction conferred upon them. It was limited by its express terms to cases pending in the Courts of Quarter Sessions, and we cannot extend it beyond its plain words without invading the province of the legislature. The case of Codding v. Bradford County, 116 Pa. 47, has no application. It involved the construction of certain sections of the act of

1861, establishing the special jurisdiction of the justices, but had no relation to the act of 1887, nor to any question such as we are now considering.

Judgment reversed.