# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Hetfield v. Addicks, Appellant.

*Contract of subscription—Interest—Corporation—Ultra vires.*

A construction company engaged to construct buildings for a gas company and to take the bonds and stock of the latter company in payment. The construction company solicited, through its manager, the defendant, subscriptions to the stock and bonds of the gas company. The subscription contract provided that payments might be made in ten equal monthly installments, beginning with April 1, 1885, and proceeded thus: "Those desiring to do so can pay in full at any time, interest being allowed at four per cent per annum." Plaintiff subscribed in 1887 for a number of bonds and shares of the gas company, the same form of contract being still in use. He paid up in four installments, and afterwards received the stock and bonds for which he subscribed. Plaintiff claimed to recover interest upon his anticipated payments from the time they were made to the time the securities were delivered to him. No act of omission or commission was alleged on the part of defendant as a ground of liability for the failure of the construction company to keep its promise with plaintiff. *Held,* that a demurrer to the statement should have been sustained.

In the above case the action of the construction company in selling the securities of another company, and in promising to pay interest upon advance payments was not ultra vires.

The fact that the construction company continued to use the original form of subscription contract after Jan. 1, 1886, was an assertion of its purpose to be bound by its provisions; and while subscriptions made after that time could not be paid within ten months after April 1, 1885, they could be paid ten months from the time of making them.

Argued Jan. 25, 1893. Appeal, No. 86, Jan. T., 1893, by defendant, J. Edward Addicks, from judgment of C. P. No. 4, Phila. Co., June T., 1891, No. 38, overruling demurrer to statement. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for interest on subscription to stock of corporation. Plaintiff's statement was as follows :

" C. R. Hetfield, the plaintiff above named, on or about the first day of January, 1887, entered into a contract with the defendant above named. The said defendant being then and now chairman, one of the managers, holder of $\frac{148000}{150000}$ of the capital stock, and then purporting to act for the Beacon Construction Company, Limited, a joint stock company formed under act of June 2, 1874, by which he, the said plaintiff, agreed to suscribe $8,000 for the purchase of certain preferred and common shares of the capital stock of a corporation whose shares were owned or controlled by the said Beacon Construction Company and then called the Bay State Gas Company, Limited ; afterwards the Bay State Gas Company of New York, and finally and now the Bay State Gas Company of Delaware ; formed for the purpose of holding in its treasury the securities of a certain other corporation called the Bay State Gas Company, incorporated under the law of Massachusetts. The plaintiff entered into said contract or subscription and made payments thereunder in pursuance and in consideration of the promises then and there made by the said defendant, and purporting to act on behalf of the said Beacon Construction Company, Limited, and for which the subscription paper was issued ; to pay to the said plaintiff, interest at the rate of 4 per cent per annum upon said payments, from the date of the same until the date of delivery to him of the stock of the Bay State Gas Company, Limited, aforesaid. Subsequently, by agreement of the parties, it was determined to issue income bonds of $1,000 each, in place of the preferred stock aforesaid, and the plaintiff made payments in accordance with the terms of said subscription for $4,000 in bonds and $2,000 in stock, the same being the full price of said stock and bonds, as follows : January 3, 1887, $4,500 ; March 3, 1887, $500 ; June 30, 1887, $500 ; February 13, 1888, $500 ; receiving in return a receipt or receipts for 4 bonds and 80 shares.

" The said stock and bonds were not delivered to said plaintiff until May 1, 1889, wherefore, as the balance of interest exceeded $500, the said defendant became personally liable therefor and indebted to the plaintiff in the sum of $524.15, for said balance of interest at 4 per cent per annum as aforesaid, and which he, the said defendant, or the said Beacon Construction Company have failed to pay either in whole or in part. The said sum of $524.15 is now justly due and owing by the defendant to the plaintiff, and therefore he brings suit."

The contract of subscription was in part as follows:

" The Beacon Construction Company, Limited, hereby offers to sell to subscribers, at par, $2,000,000 of seven per cent, non-cumulative preferred stock of the Bay State Gas Company, Limited, redeemable at the pleasure of the company, at par in cash after ten years, payable as detailed below at $100 per share, being par. Each subscriber is entitled, at the time of subscribing to the preferred shares, to subscribe for an equal number of full-paid, non-assessable common shares of the said Bay State Gas Company, Limited, at $50.00, per share, par being $100. Payments shall be made in ten equal monthly installments of $15.00 per share, the first payment being due and payable April 1, 1885, and on the first days of each month following, up to and including January 1, 1886. Those desiring to do so can pay in full at any time, interest being allowed at the rate of 4 per cent per annum. All payments shall be made to The Fidelity Insurance, Trust and Safe Deposit Company of Philadelphia, or to the National Bank of Redemption of Boston, for account of the Beacon Construction Company, Limited, Robert C. H. Broek, treasurer.

. " The right is reserved to withdraw this subscription at any time."

Other facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in overruling defendant's demurrer to plaintiff's statement; (2) in entering judgment in favor of plaintiff, upon the statement and demurrer; (3) in entering judgment in favor of plaintiff, as follows: " July 16, 1892, demurrer overruled and defendant has leave to plead within 15 days; " " October 22, 1892, defendant not having filed a plea, judgment is entered in favor of the plaintiff on statement and demurrer; " (4) in not entering judgment for defendant upon demurrer to plaintiff's statement.

*C. Berkeley Taylor* and *William H. Addicks* for appellant.—
The contract was ultra vires : Green's Brice's Ultra Vires, 173 ;
Lockhart v. Van Alstyne, 31 Mich. 76 ; Barnard v. Vermont
R. R., 7 Allen, 514 ; R. R. v. Allegheny Co., 63 Pa. 126 ; Mac-
Dougall v. Jersey Imperial Hotel Co., Limited, 2 H. & M. 528.

Interest was only payable under the terms of the subscription
paper on payments in full advance computed to January 1,
1886, in the nature of a discount. It was not payable when
payments were made in installments prior to that date, nor
was it payable on any payments made after that date.

A suit cannot be brought upon the theory that a subscriber
to the stock of a company is not a stockholder until the cer-
tificate is delivered to him. He is a stockholder as soon as he
pays for the stock, with all the rights of one. The certifi-
cate is merely the indicia of ownership : Fulgam v. Macon &
Brunswick R. R., 44 Ga. 597 ; Slipher v. Earhart, 83 Ind. 173 ;
National Bank v. Watsontown Bank, 105 U. S. 217 ; Christmas
v. Biddle, 13 Pa. 223 ; Butler Un. v. Sconovor, 114 Ind. 383.

It would seem that the plaintiff is estopped from suing Ad-
dicks, because, however defective the contract was, or however
ultra vires it was, plaintiff has ratified it by accepting stock and
bonds under it : Bigelow on Estoppel, 684–687 ; Branch v.
Jesup, 106 U. S. 468 ; Oil Creek R. R. v. Penna. Trans. Co.,
83 Pa. 160 ; Allegheny Bank v. Bailey, 147 Pa. 111.

The receipt of the money and the subsequent delivery of the
stock by the company and acceptance by the plaintiff, was such
a ratification of the contract as made the contract binding upon
the plaintiff, as a contract of the Beacon Construction Com-
pany, Limited: McKnight v. City, 91 Pa. 273 ; Winton v. Lit-
tle, 94 Pa. 64 ; Kelsey v. Bank, 69 Pa. 426 ; Gordon v. Preston,
1 Watts, 385 ; Engine Co. v. Fuller, 49 Leg. Int. 179.

*G. Heide Norris,* for appellee.—The relation between appel-
lant and plaintiff is that of debtor and creditor and not corpo-
ration and stockholder. The suit is against Addicks, who is
chairman, and one of the managers of the Beacon Construction
Company, under his personal promise and also his liability qua
manager, whereas plaintiff was a subscriber to the stock of the
Bay State Gas Company, an entirely different corporation. The
doctrine of ultra vires therefore cannot apply.

The promise of interest in no way affects any right of the Bay State Gas Company, in which plaintiff was a stockholder. Interest was not to be paid out of the principal money subscribed for the stock and bonds.

The solicitation of subscription, under the paper issued by the Beacon Construction Company and acceptance of the same and payments thereon after January 1, 1886, waived the stipulation that payments should be made in ten monthly installments prior to that time.

This is not a suit qua stockholder against his corporation, but a suit against a promoter, by one who subscribed to the company promoted, in consideration of a promise : (1) For the delivery of certain stocks and bonds, which promise was carried out after three years delay. (2) Interest for the use of the money until the securities were ready for delivery. The suit is that of debtor against creditor for the part unfulfilled.

The liability arises : (1) From his personal verbal promise to pay interest on money advanced to him, for a corporation in which he owned $148,000 of the capital stock of $150,000. It certainly cannot be successfully contended that he could escape liability under the statute of frauds. (2) By virtue of his contract as manager of the corporation under the provisions of the Joint Stock Companies Act of June 2, 1874, § 5, P. L. 271.

The word used in the act of 1874 is " liability," therefore when a contract is made, under which a liability might accrue for more than $500, when the amount is known, the responsibility of the company or its manager is determined.

OPINION BY MR. JUSTICE WILLIAMS, March 27, 1893 :

This judgment is sui generis. The action grows out of the following facts. The Beacon Construction Company, of which the defendant was a member and an officer, engaged to construct the gas works in the city of Boston for the Bay State Gas Company. It was to receive payment largely in the bonds and stock of the gas company, and was desirous to negotiate these at par for the purpose of raising money with which to complete its contract. It prepared a contract of subscription which it placed before those from whom it sought subscriptions to the stock and bonds of the gas company, and the plaintiff

was among those from whom a subscription was sought and obtained. The contract provided that the sums that might be subscribed for the stock or bonds should be payable in ten equal monthly installments, beginning with April 1, 1885, and proceeded thus : " Those desiring to do so can pay in full at any time, interest being allowed at four per cent per annum." The sales of the stock and bonds were not made as fast as had been anticipated, and in January, 1887, when the plaintiff subscribed for the purchase of them to the extent of six thousand dollars, the same form of contract was still in use, and was that which was presented to the plaintiff and signed by him. He paid up in four installments, and afterwards received the stock and bonds for which he subscribed. What he now claims is that he should be paid interest upon his anticipated payments from the time they were made to the time when the securities were delivered to him. Whether this is the proper construction of his contract or not is a question that would have arisen on the trial if a trial had taken place, but the defendant chose to demur to the plaintiff's statement of his cause of action. The learned judge of the court below overruled the demurrer and gave the defendant fifteen days in which to plead, and after the fifteen days had expired judgment was entered against him " because of the failure of the defendant to plead." This is in effect a judgment for want of a plea, and for anything that appears on the record it should be so treated, and allowed to stand. But both parties assure us that it was intended as a judgment upon the issue raised by the demurrer and for that reason we look into the pleadings. The statement sets out the contract of subscription and its terms, and a copy of the contract is attached and made part of the statement filed. It alleges that the plaintiff was induced to make the contract by Mr. Addicks who was " purporting to act for the Beacon Construction Company ; " that he subscribed to the amount of six thousand dollars ; that he paid this sum in four installments instead of ten ; that he has received the securities subscribed for but has not received the interest promised him in case he made payments before they were due. He accordingly asks to recover the interest which he alleges he should have received by reason of having to some extent anticipated the payment of his subscrip-

tion. The contract thus declared on is that of the construction company, and the breach set out is the failure of the company to pay interest in accordance with its contract. The defendant demurred to this statement. The reasons assigned in support of the demurrer raise three questions. The first of these relates to the fact that the plaintiff's subscription was made after ten months from April 1, 1885, had expired, and asserts that for this reason he is not entitled to interest upon payments made in advance of his obligation to pay. But the construction company prepared and presented to the plaintiff the contract declared on. The fact that they continued to use it after January 1, 1886, was an assertion of their purpose to be bound by its provisions; and while subscriptions made after that time could not be paid within ten months after April 1, 1885, they could be paid within ten months from the time of making them. If the persons subscribing paid in full before ten months ended, they were entitled to the interest promised upon the money paid before it was due.

The second question is whether, assuming the contract to pay interest to be established, it is not ultra vires? But why? The construction company was not selling its own stock, or promising to stockholders to pay interest or dividends that had not been earned. It was selling securities that it owned, had presumably bought and paid for, and had the same power over as it had over the materials or machinery owned by it. It could sell on such terms and at such price as it saw fit to offer, in the same manner that an individual, owning the same securities, could have done. Its promise to pay interest upon payments made in advance of their falling due, was perfectly valid. It was a commercial transaction, a matter of bargain and sale, to which the doctrine of ultra vires has no application.

The third question is whether the plaintiff has stated a cause of action against Addicks? He has stated one against the construction company beyond any doubt. The contract sued on is that of the company. The breach alleged is that of the company. How Addicks is responsible for this breach does not appear. No act of omission or commission on his part is alleged as a ground of liability for the failure of the construc-

tion company to keep its promise with the plaintiff. This point is well taken.

The judgment of the court below is therefore reversed and judgment is now entered on the demurrer in favor of the defendant.

See also the next case.