Opinion by
Beaver, J.,
The appellant presented his petition in the court of quarter sessions of the county of Philadelphia, praying for an order directing “the commissioners of the city and county of Philadelphia to draw their warrant on the treasurer of said city and county in favor of your petitioner for the sum of $100,” alleged to have been paid out by the petitioner at the request of the captain of detectives for the city and county of Philadelphia for the purpose of paying the costs of transporting the defendant from the city of Chicago in the state of Illinois, whither *75 he had fled, to the city of Philadelphia, where he “was charged with the crime of larceny of certain goods and chattels of great value, the property of your petitioner.” ■
The claim is based upon the first section of the Act of March 31, 1860, P. L. 427, which is as follows:
“Section 1. That the judges of the Supreme Court, of the court of oyer and terminer and jail delivery, of the courts of quarter sessions, or any of them, shall and may direct their writs and precepts to the sheriffs and coroners of the several counties within this commonwealth, when need shall be, to take persons indicted for felonies, or other offenses before them, who may dwell, remove or be received into another county; and it shall and may be lawful to and for the said judges, or any of them, to issue subpoenas into any county of the commonwealth, for summoning and bringing any person to give evidence in any matter or cause before them, or any of them, and to compel obedience to such writs, precepts or subpoenas, by attachment or otherwise, and under such pains and penalties as other writs or subpoenas are or ought by law to be granted and awarded; and that it shall be lawful for said judges, or any of them, if they see fit to direct such writ, precept, summons, subpoena or attachments, to be executed by the sheriff of the county in which the same is awarded, which said writ, precept, summons or subpoena shall be the sufficient warrant of such sheriff for executing the same throughout this commonwealth, as fully and effectually as if directed to, and executed by, the sheriff of the proper county where issued: Provided, that the reasonable expenses of executing such process, when issued on behalf of the commonwealth, shall be paid out of the funds of the county where issued, and the expenses of moving any person charged with having committed an offense in one county into another county, or of transporting any person charged with having committed any offense in this state from another state into this state for trial, or for conveying any person, after conviction, to the penitentiary, shall be paid out of the treasury of the county where the offense is charged to have been committed.”
To this petition a demurrer was filed on behalf of the county *76 commissioners, based upon three several distinct grounds: 1. “That the petition does riot set forth that any judge of this court, or any other court, directed any writ or precept to any sheriff or coroner of this or any other county of the commonwealth to take the prisoner named therein as defendant into custody to be brought before them;” 2. That it “does not set forth or name any person responsible under said act to authorize the expenditure set forth therein,” and 3, that it “does not set forth that any petition was ever filed in accordance with the terms of sec. 1 of the Act of March 31, 1860, P. L, 427, under which said expenditure could be made and recovered, or that any writ or precept was ever issued directing transportation of the person named therein from another state into this state for trial.” The demurrer was sustained. The appeal is from the decree sustaining it.
The petition sets forth with great particularity that the amount advanced by the appellant to cover the costs of conveying the prisoner from Chicago to Philadelphia was made at the request of the captain of detectives of the city and county of Philadelphia. But it is not shown, or even alleged, that this officer had any authority under the act of 1860, or any other act of assembly, to legally authorize such an expenditure. The first section of the Act of March 31, 1860, P. L. 427, expressly provides, as hereinbefore quoted, that the authority for apprehending persons under circumstances such as appear here shall be upon a writ or precept issued by judges of the Supreme Court, the court of oyer and terminer and jail delivery, or the court of quarter sessions, or any of them, and in the proviso to this section it is enacted, “that the reasonable expenses of executing such process, when issued on behalf of the commonwealth, shall be paid out of the funds of the county where issued, and the expenses of removing any person charged with having committed an offense in one county into another county, or of transporting any person charged with having committed any offense in this state from another state into this state for trial, or of conveying any person after conviction to the penitentiary shall be paid out of the treasury of the county where the offense is charged to have been com *77 mitted.” None of the provisions of this act of assembly were complied with. So far as appears by the petition there was not even an information made against the defendant. No warrant was issued, no precept from any judge directed to the sheriff or coroner of any county was issued, or even applied for, and none of the formalities of the act complied with.
The appellee in its argument urges other grounds upon which the prayer of the appellant’s petition cannot prevail, such as the lack of power on the part of city and county commissioners to draw upon the treasury for money not specifically appropriated, and others of like fundamental character, but they are not embraced in the grounds upon which the demurrer rests. Confining ourselves strictly to what is contained in the demurrer, we are of opinion that the appellant has not brought himself within the provisions of the first section of the Act of March 31, 1860, P. L. 427, under which he claims the return of the money expended by him at the request of the captain of detectives for the transportation of defendant from the city of Chicago to the city and county of Philadelphia for trial.
We are, therefore, of opinion that the demurrer was properly sustained.
Decree affirmed and appeal dismissed at the costs of appellant.