Commonwealth, Appellant, *v.* Garramone.

Argued October 26, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John H. Maurer,* Assistant District Attorney, and with him *Charles F. Kelley,* District Attorney, for appellant.

*Henry M. Stevenson,* for appellee.

OPINION BY KELLER, J., January 4, 1935:

The question raised by this appeal is whether the Commonwealth of Pennsylvania is liable for the cost of printing the defendant's brief and record on appeal to the Supreme Court.

The facts may be stated as follows: Antonio Garramone was indicted in the court below for murder. On June 4, 1930 he pleaded guilty and, after hearing the evidence, the court below adjudged him guilty of murder of the first degree and fixed the penalty at death. He appealed to the Supreme Court of Pennsylvania (January Term 1932, No. 145) raising these questions: (1) Did the court err in adjudging the defendant guilty of murder in the first degree? (2) Did the court err in imposing sentence of death? and (3) Was there error "in hearing in rebuttal of evidence of good reputation, testimony of a specific act?" He was represented both in the court below and in the Supreme Court by his own counsel, not by counsel appointed by the court below for an indigent defendant. His counsel prepared a paper book consisting of brief and record which was printed at a cost of $202.50. On May 26, 1932 the Supreme Court rendered its decision (see 307 Pa. 507) wherein it sustained the court in adjudging

him guilty of murder of the first degree, and did not reverse because of the admission of improper testimony, but directed the sentence to be modified from that of death to imprisonment for life; and on June 10, 1932 the defendant was re-sentenced, in accordance with the order of the Supreme Court, to separate or solitary confinement in the State Penitentiary for the Eastern District of Pennsylvania for the rest of his natural life and to pay the costs of prosecution. On April 2, 1934 he presented his petition in the court below asking for a rule to show cause why the sum of $202.50, the cost of printing the brief and record on appeal to the Supreme Court in the said case, should not be taxed as costs on the Commonwealth of Pennsylvania. A rule was granted, which on June 13, 1934 was made absolute. The Commonwealth has appealed.

Costs are not given in criminal cases by the common law: County of Franklin v. Conrad, 36 Pa. 317, 319 (1860); and in order to make the Commonwealth liable for their payment there must be clear and specific statutory authority: Com. v. Buccieri, 153 Pa. 570, 26 A. 245 (1893). Our attention has been directed to no Act of Assembly specifically imposing the payment of defendant's costs in criminal cases, on the Commonwealth, and none directing that the Commonwealth pay for printing the defendant's brief and record on appeal. Counsel for appellee does not contend that he can *compel* the *Commonwealth* to pay them. He argues that the costs should be taxed on the Commonwealth, and that they are then collectible from the County of Philadelphia.

The County of Philadelphia, however, was not a party to this prosecution. As an agent or arm of the Commonwealth it is liable to pay only such costs, in criminal cases, as the legislature has specifically imposed upon it, and in order to make the County of Philadelphia liable there must be clear statutory war-

rant or authority for such action: County of Franklin v. Conrad, supra, p. 319; Com. v. Buccieri, supra; Dougherty v. Cumberland County, 26 Pa. Superior Ct. 610 (1904).

The Act of May 11, 1874, P. L. 132, relating to payment of costs in cases of felony, provides, "that the *costs of prosecution* on all bills of indictments charging a party with felony, ignored by the grand jury, shall be paid by the county; and in all cases of conviction of any felony, all costs shall be paid forthwith by the county, unless the party convicted shall pay the same; and in all cases in which the county pays the costs, it shall have power to levy and collect the same from the party convicted, as costs in similar cases are now collectible." It does not relate to the payment of the defendant's costs, but only to the costs of prosecution. In case of conviction such costs would be payable by, and collectible from, the defendant.

The Act of May 19, 1887, P. L. 138, entitled "An Act providing for payment of costs in criminal cases by the proper county" is limited by Section 1 to the costs of prosecution. It has nothing whatever to do with the defendant's costs. It "was passed to remedy an admitted hardship, by which *the officers of justice and witnesses for the Commonwealth* in cases of misdemeanors were often unable to obtain the compensation due them under the law": Allen v. Delaware County, 161 Pa. 550, 29 A. 288 (1894), MITCHELL, J. It also provides that the county shall pay the necessary expenses of the *district attorney* in connection with any appeal or writ of certiorari to the Supreme Court, including a reasonable compensation for his services to be fixed by the court. There is not a word in the act that relates to costs of a defendant.

The Act of June 3, 1911, P. L. 627, which provides for the payment by the county of the costs of printing the paper book on appeal of certain persons convicted

of murder of the first degree is limited to cases where "on account of the destitute circumstances of such person counsel shall have been assigned to him or to her." In the absence of statutory authority, the county was not liable to pay the fees of counsel assigned by the court to defend a pauper criminal, nor the expenses incurred by him in the preparation and course of the trial: Wayne v. Waller, 90 Pa. 99; and even now the court of quarter sessions does not have authority to order the county to pay the counsel fee of an attorney appointed by it to defend one charged with a misdemeanor: Com. v. Henderson, 113 Pa. Superior Ct. 348, 173 A. 868. See also Com. v. Wormsley, 294 Pa. 495, 144 A. 428 (1928). The Act of June 3, 1911 has no application to this case, because, as before pointed out, the defendant had his own counsel and none was appointed by the court because he was in destitute circumstances.

The Act of April 15, 1907, P. L. 83, entitled "An Act relating to the taxing as part of the costs the printing of paper-books, upon appeals to Supreme and Superior Courts," as amended by the Act of April 27, 1909, P. L. 263, provides: "That in all cases, either in law or equity, wherein an appeal is taken from any judgment, decree, or order to the Supreme or the Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paper books upon said appeal. The cost of printing the paper-book of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law." Attention is specially directed to the last sentence, "Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law."

That is, the Act did not attempt to impose liability for costs when none theretofore existed; (York County v. Crafton, 100 Pa. 619-1882) and cannot be construed as imposing liability on either the Commonwealth or the County for payment of the cost of printing a defendant's paper books in a criminal case: Com. v. Buccieri, supra, pp. 571, 572.

The Act of June 5, 1913, P. L. 422, is the act upon which the appellee chiefly relies. It is printed in the margin.[1]

The appellee contends that it is applicable to this case because it embraces all appeals to the Supreme or Superior Court "when the judgment, order, *sentence,* or decree is reversed by the appellate court." But authority to include the cost of printing paper books, as a part of the costs, goes back to the Act of April 15, 1907, supra, as amended by the Act of April 27, 1909, supra, and, as we have seen, they impose no such clear

---

[1]"Section 1. Be it enacted, &c., That in all appeals to the supreme or superior court, when the judgment, order, sentence, or decree is reversed by said appellate court, without a venire or order and judgment as to the payment of costs, the lawful costs in said case, taxed in the lower court, shall be paid by the losing party in such appeal; and, on the filing of the remittitur in said lower court, the proper officer shall enter judgment against said losing party, upon which judgment due process may issue for the collection thereof: Provided, however, That process to collect the said costs may be stayed if the court below shall determine the case is not finally closed between the parties, and the said losing party, or legal representative, shall bring a new action for the same cause of action against the other party, or legal representative, within thirty days after said determination. When such second or other action is brought, the collection of said costs shall be postponed until the final closing of said action, when said costs shall follow the judgment in said second or other case relating to the same cause of action. In default of said second or other action, the judgment for costs shall be final.

Section 2. That in all appeals to the supreme or superior court, when the judgment, order, sentence, or decree is reversed, with a venire for another trial, the costs taxed in accordance with existing law shall be paid by the losing party; and on the return of the remittitur in the lower court the proper officer shall enter judgment against said losing party, upon which said judgment due process of law may issue for the collection of the same, unless the said cause of action is again tried in the lower court by the parties, or legal representative, within one year after such remittitur is filed; in which event the costs shall follow the final judgment on such retrial, and be transferred by the proper officer to said case, and the former judgment satisfied if against the successful party."

liability on the Commonwealth or county as to warrant the order in this case.

The inclusion of the word 'sentence' in the act is not sufficient to create a complete change of policy as respects the payment of defendant's costs in criminal cases by the Commonwealth or, its arm and agency, the county.

When a defendant was convicted of a criminal charge he was always liable to pay the costs of prosecution; but the converse was not true. The Commonwealth was not liable, in case of his acquittal, to pay the defendant's costs; nor was the county liable to pay them except where liability was specifically imposed by the legislature. "Statutes permitting the imposition of costs in criminal cases upon the public are to be construed strictly. And the county commissioners have no authority to pay them, except when authorized by some act of assembly. Such authority must be expressly given in the act." Sadler's Criminal and Penal Procedure in Pennsylvania, Section 623, p. 495.

It followed, that when the cost of printing paper books on appeal was made part of the costs of the case, the general rule was not changed; and the inclusion of the word 'sentence' in the Act of June 5, 1913, supra, while it made a losing defendant on appeal liable for the cost of printing the Commonwealth's paper books, did not impose on either the Commonwealth or county liability to pay for the paper books of a defendant in a criminal case who was successful in the appellate court.

In addition to the foregoing cases, see County of Bradford v. Wells, 125 Pa. 319, 17 A. 439 (1889); Codding v. Bradford County, 116 Pa. 47, 9 A. 153 (1887); Berks County v. Pile, 18 Pa. 493 (1852); Com. v. Sawyer, 35 Pa. Superior Ct. 74 (1907).

The order of the court below is reversed.