Commonwealth *v.* Trunk et al., Appellants.

Argued March 12, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Theodore Lane Bean,* for appellants.

*W. Russell Green,* Solicitor for Montgomery County, and with him *George Wanger,* Solicitor for Controller of Montgomery County, appellees.

Per Curiam, April 15, 1935:

This is an appeal by the defendants in a criminal proceeding from the action of the court below in refusing to tax as costs, to be paid by the County of Montgomery, the expense incurred by them in printing

their briefs and the records in appeals to the Superior and Supreme Courts.

The defendants appealed to this court from the judgment of sentence imposed on them, following their conviction at the first trial. See 105 Pa. Superior Ct. 569, 161 A. 767. On appeal to the Supreme Court the judgment of this court was reversed and a new trial awarded. See 311 Pa. 555, 167 A. 333. On the second trial they were acquitted, and subsequently obtained a rule to show cause why the costs of printing their paper books on appeal should not be paid by the county. The court discharged the rule.

We had occasion to consider practically the same question in Com. v. Garramone, 115 Pa. Superior Ct. 588, 176 A. 263, and decided it adversely to the contention of these appellants. The decision in that case was handed down on January 4, 1935, or six months after the discharge of this rule by the court below.

In the somewhat lengthy opinion in the Garramone case we discussed all the statutes presented by these appellants in their brief except the 21st section of the Act of May 19, 1897, P. L. 67. We considered that also, although we did not discuss it, for it has no direct bearing on the question involved. Section 21 of the Act of 1897, supra, which is an act "regulating the practice, bail, costs and fees on appeals to the Supreme Court and Superior Court" provides that "the costs in any appealed cause shall consist of the amount paid the prothonotary or clerk of the court below and of the appellate courts, an attorney fee of three dollars in each court to which an appeal is taken.—[It makes no mention of the cost of printing paper books]—Such costs shall be paid by the party losing the cause, except as herein otherwise provided and in equitable proceedings when the court shall direct otherwise." As we pointed out in the Garramone case, the county is not a 'party' to a criminal prosecution. The Common-

wealth is the party plaintiff. Hence the county is not "the party losing the cause" in a criminal prosecution. The liability of the county to pay costs in a criminal case arises only from an act of assembly specifically imposing the payment of such costs on the county. In our opinion the Act of 1897 did not sufficiently disclose, in section 21, an intention of the legislature to make any change in the long settled policy and practice relating to costs in *criminal* cases, or alter the established principles, (1) that costs are not given in criminal cases by the common law, and the county is liable to pay only such costs as the legislature has specifically imposed upon it; (2) that 'statutes permitting the imposition of costs in criminal cases upon the *public* are to be construed strictly' and payment is not to be made by the county commissioners unless expressly authorized by an act of assembly; (3) that a defendant, when convicted of a criminal charge was always liable, in Pennsylvania, to pay the costs of prosecution, but the converse is not true, and neither the Commonwealth nor the county is liable to pay the defendant's costs, in case of his acquittal, in the absence of a statute specifically imposing such payment upon it.

The Act of April 14, 1905, P. L. 152, which authorized the payment of costs by the county in any criminal proceeding where a nolle prosequi was entered or the verdict of a jury was set aside by the court, expressly provided that it should not apply to costs for the attendance or subpoenaing of the defendant's witnesses, nor to any proceeding where the costs could not be charged upon the county by verdict of the jury. This proviso was not an exception to the law but only a recognition and retention of the existing law, and was in conformity with the policy that the county should not be called upon to pay the *defendant's* costs in criminal proceedings.

498

For the reasons set forth in Com. v. Garramone, supra, which we need not here repeat, the order is affirmed at the costs of the appellants.