84      22
26 SC 613

# Gilkyson *versus* County of Bucks.

Where vagrants are committed to the county jail by a justice of the peace, the county is not liable for the costs if the vagrants are discharged by the sheriff at the expiration of the time for which they were sentenced, without the payment of costs.

February 28th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Bucks county*: Of January Term 1877, No. 9.

This was an amicable action brought by James Gilkyson, Esq., against the county of Bucks wherein a case was stated for the opinion of the court below, which was substantially as follows:—

The plaintiff is, and has been, a justice of the peace in Doylestown. In that capacity, on the 11th of March 1876, on his own view and at the request and upon the confession of the parties, he convicted as vagrants two poor, houseless strangers and travellers, having no settlement in the county, wandering about and begging, and belonging to that class of persons familiarly known as

[Gilkyson *v.* County of Bucks.]

" tramps," and committed them, under the Acts of 21st February 1767, 1 Sm. Laws 269 § 1, Purd. Dig. 1453–4, and of 13th June 1836, Pamph. L. 548, Purd. Dig. 1453, to the common jail of the county at hard labor for the period of fifteen hours, at the .expiration of which time they were discharged from jail without payment of costs. During their imprisonment they performed no hard labor, no opportunity being afforded in the jail or elsewhere in the county for the fulfilment of such a sentence. Both the persons thus sentenced were included in the one charge and commitment, as was the practice with the justice in cases where two or more vagrants were before him at the same time. This was only one of many commitments made by similar magistrates of Doylestown borough. The plaintiff claimed as costs forty cents for commitment and twenty cents for docket entry and sought to obtain the same from the county, which the commissioners refused to pay, contending that the county was not liable for the payment of these costs.

The court below, Watson, P. J., sustained this contention of the commissioners in an opinion, which, after a discussion of the evils of vagrancy, continued, " The punishment of vagrants is provided for by the Acts of 1767 and 1836. The former act makes it lawful for any justice of the peace to commit such offenders (being thereof legally convicted before him, on his own view, or by the confession of such offenders, or by the oath or affirmation of one or more credible witnesses), to the workhouse of said county, if such there be, otherwise to the common jail of the county, there to be kept at hard labor by the keeper of such workhouse or jail, for any time not exceeding one month.

" In this county we have no workhouse. The commitment is therefore necessarily to the common jail. No employment is provided in the jail for such offenders, so that they may be kept at hard labor, as sentenced.

" The Act of 1836 describes and defines the several classes of persons who are liable to be punished as vagrants. Among them are ' all persons going about from door to door, or placing themselves in streets, highways or other roads, to beg or gather alms, and all other persons wandering abroad and begging.' ' All persons who shall come from any place without this Commonwealth to any place within it, and shall be found loitering or residing therein, and shall follow no labor, trade, occupation or business, and have no visible means of subsistence, and can give no reasonable account of themselves, or their business in such place.'

" The persons mentioned in the case stated are clearly within one or the other of the above-described classes of vagrants. Besides, the judgment of the justice determines the fact of vagrancy, and where the proceeding is regular on its face, as this is, we cannot inquire into the propriety of his judgment in this collateral proceed-

ing. We must, therefore, regard the commitments as regular and valid.

Costs are entirely by virtue of statute law. If there is no enactment by legislative authority imposing them, then the payment of them cannot be enforced. The liability of the county for them can only be created by an Act of Assembly. The Act of 1767, to which we have referred, makes no provision for costs in such cases, and if this were the only act upon the subject no costs could be collected from any body.

" By the Act 31st March 1860, Pamph. L. 445, sect. 64, in all cases of conviction of any crime, all costs are to be paid by the party convicted, but where such party shall have been discharged according to law, without payment of costs, the costs of prosecution shall be paid by the county.

" That vagrancy is to be considered a crime within the meaning of this section there can be no doubt. It has been so held by the Supreme Court under similar acts in several cases : Northampton Co. *v.* West, 4 Casey 173 ; Lancaster Co. *v.* Brinthall, 5 Id. 38 ; Cumberland Co. *v.* Holcomb, 12 Id. 349. It is to be observed that these cases arose before the Act of 1860, and were decided upon the law as it then was.

" The 15th section of the Act of 1791, 3 Sm. Laws 44, provided that where any person should be convicted of any offence punishable capitally, or by *imprisonment at hard labor*, the county where the crime hath been committed shall pay the costs of the prosecution if the defendant hath not property sufficient to discharge the same. This section was in force until 1860. Under it, the Supreme Court held, the county was liable in such cases for costs immediately upon the conviction of the offender, without waiting for his discharge according to law : Commonwealth *ex rel.* Freytag *v.* The Commissioners of Philadelphia County, 6 Binn. 397 ; Commonwealth *ex rel.* Barnes *v.* Commissioners, 2 S. & R. 290. The case of Northampton County *v.* West, puts the liability of the county expressly upon the ground that the defendant had been sentenced to imprisonment at hard labor. In Cumberland Co. *v.* Holcomb, the county was held not liable, because the justice had not included the hard labor in his sentence as part of the punishment.

" This section of the Act of 1791 was expressly repealed by the Act of 1860.

" The Act of 11th May 1874, Pamph. L. 132, provides for the immediate payment by the county of costs in cases of conviction of any felony, but it does not extend to convictions for misdemeanors.

" The Act of 1860, therefore, forms the standard of liability in the present case and the question before us must be ruled according to its provisions.

" The party convicted is, as we have seen, liable to payment of

the costs. . The county becomes liable only upon his discharge, according to law without payment of them. How may he be thus discharged so as to fix the liability of the county ?

" To answer this we turn to the Insolvent Law of 10th June 1836, Pamph. L. 740. By the 48th section of that Act, if his imprison ment is for any debt, sum of money, fine or forfeiture not exceeding fifteen dollars in amount, exclusive of costs, he shall be discharged after being in confinement for the space of thirty days. By the 47th section of the same Act, in other cases not falling within those mentioned in the 48th section, he shall be discharged on making application and conforming to the provisions directed in the case of insolvent debtors. In the one or the other of these ways only can he be discharged according to law.

" The district attorney cannot enter a *nolle prosequi* by consent of the court and charge the county with the costs of prosecution : Agnew *v.* Commissioners, 12 S. & R. 94. The county commis-sioners in such case have no power to bind the county by their agreement to pay the costs of prosecution made before the *nolle prosequi* was entered : Berks County *v.* Pile, 6 Harris 493. Nor have they any right to discharge from prison a convict sentenced to pay a fine upon his giving security for its payment. If they assume to do so the prisoner may be lawfully re-taken by the sheriff : Schwamble *v.* The Sheriff, 10 Harris 18.

" It was said by Judge BLACK, in delivering the opinion of the court in the last-cited case, that where a prisoner is detained merely for the non-payment of costs, even in a criminal case, the commis-sioners may advance the sum necessary to discharge him, if they are satisfied that by so doing, money can be saved to the treasury ; but the point was not involved in the case then before the court, and what was said upon it was therefore merely a dictum of the judge who delivered the opinion. If the commissioners have such power they may withhold its exercise and a discharge without their authority would not make the county liable for the costs. The sheriff clearly has no power to discharge without payment. If he ·undertakes to do so he may perhaps make himself liable to an action for escape, or to a prosecution for a misdemeanor in office, but he cannot thus impose upon the county the costs accrued against his prisoner.

" Here the prisoners were discharged at the expiration of the time for which they were sentenced, without payment of costs and without, so far as appears, any authority from the county com-missioners. This was not a discharge according to law and it does not fasten upon the county any such liability as is sought to be enforced in this case. We direct judgment to be entered in favor of the defendant."

The plaintiff took this writ and assigned for error this entry of judgment.

[Gilkyson *v.* County of Bucks.]

*George Ross* and *L. L. James,* for plaintiff in error.

*B. F. Gilkeson* and *Louis H. James,* for defendant in error.

Mr. Justice GORDON delivered the opinion of the court May 7th 1877.

We have but little to add to what has been so well said by the learned judge of the court below, in the opinion now before us for review. Whilst it has been held, in the cases of the County of Lancaster *v.* Brinthall, 5 Casey 38, and the County of Northampton *v.* West, 4 Id. 173, that the county may become liable for the fees of officers in convictions and commitments for vagrancy, yet this can only happen when the conditions prescribed by statute have been complied with. The Act of 31st March 1860, reads in this manner : "And in all cases of conviction for any crime, all costs shall be paid by the party convicted ; but, when such party shall have been discharged, according to law, without payment of costs, the costs of prosecution shall be paid by the county." That vagrancy is a crime has been often ruled ; such being the case, we may see, by the statute above recited, that the party convicted is the one who is primarily liable for costs, and it is only after the convict has been lawfully discharged, without payment of such costs, that this duty can be cast upon the county treasury. If, indeed, as is intimated by the learned judge, the commitments, in these cases, were intended, not for the punishment of the vagrants, but rather for their accommodation, the officers deserved no costs. As was said by Mr. Justice LOWRIE, in the case of Cumberland Co. *v.* Holcomb, 12 Casey 349, " If such things be done for charity let it not be for the benefit of the magistrate. The jail is not an almshouse, nor jailers the administrators of poor funds."

The judgment is affirmed.