## Crawford County *versus* Barr.

92      359
26 SC ²613
92      359
30 SC ²349

1. To recover from a county costs accrued in a criminal proceeding, it is necessary to show a statute obliging the county to pay, and when this cannot be done, an action against the county must fall.

2. Section 64 of the Act of March 31st 1860, on its face, applies to costs on bills of indictment. It is part of an act directing the procedure in courts of Oyer and Terminer and Quarter Sessions, and was not intended to extend the liability of the county for costs to convictions before justices of the peace.

3. County commissioners have no power to discharge a prisoner, or to remit fines, forfeitures and costs. If courts have sanctioned their acts in paying costs out of county funds, where a party was committed solely in default of payment of costs, that does not authorize their interference where there has been a conviction and sentence for a criminal offence.

November 28th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1879, No. 267.

Case stated wherein Lafayette Barr was plaintiff and the county of Crawford defendant. The facts, as stated, were these: That the plaintiff in this case is an acting justice of the peace in the 4th ward of the city of Meadville; that on the 4th of March 1879, one Elmer Stebbins was brought before him, charged with violation of the Act of Assembly " for the prevention of trespassing upon railway trains and consequent injury to minors and other persons," approved March 24th 1878, Pamph. L. 125; that the said defendant was convicted before him, and sentenced to pay a fine of $5 and costs, and to be imprisoned in the county jail for the term of

[Crawford County *v.* Barr.]

ten days, and the defendant refusing to pay said penalty, the said justice committed him as by said Act of Assembly prescribed. That upon the expiration of the time of imprisonment in said sentence mentioned, the said defendant was discharged by the sheriff of said county, by direction of the county commissioners; without fine or costs being paid by said convict; that the plaintiff in this case has demanded his proper costs to be paid out of the county funds, and that the commissioners of said county refuse so to pay, for the reason that the act raises no obligation upon the county to pay any costs in such cases.

If the court should be of the opinion that the county of Crawford is liable for said costs, then judgment be entered in favor of plaintiff, but if not, judgment to be entered for the defendant.

The first section of the Act of March 24th 1878, is as follows:

"That any person found entering, or being in or upon, any railroad engine or car, whether the same be passenger, freight, coal or other car, on any railroad, in any city or county in this Commonwealth, contrary to the rules of the person, persons or corporations, owning or operating the same, and with the intention of being in or upon, riding or travelling upon, such engine or car, without paying fare, or committing larceny, violence or destruction thereon, or of threatening, intimidating or assaulting travellers or other persons, upon such engine or cars, shall, upon conviction, forfeit and pay a penalty of not less than five dollars, nor more than fifteen dollars, which penalty shall be paid to the treasurer of the school district in which said offence was committed, for use of said district, and such person so convicted, shall be committed to the county jail of such county, for a period not exceeding ten days."

The court, Church, P. J., in ruling upon the case stated in an opinion, said:

"The 64th section of the Act of 31st March 1860, known as the 'Criminal Code,' provides, inter alia, 'that in all cases of conviction all costs shall be paid by the party convicted, but where such party shall have been discharged according to law without payment of costs, the costs of prosecution shall be paid by the county.'

"This provision is very comprehensive; 'all cases of conviction,' &c., must have included cases of summary conviction before a magistrate, and then immediately follows the phrase as to the result of a discharge according to law, *i. e.*, costs to be paid by the county. According, then, to the terms of the case stated, judgment must be entered in favor of the plaintiff. This view of the construction of the vagrant act, and of the cases above cited, is held by many of the judiciary throughout the Commonwealth, notably the judges of the 6th and 41st districts. Judgment on the case stated in favor of plaintiff."

The county took this writ, alleging that the court erred in the this action.

[Crawford County v. Barr.]

*Thomas Roddy*, for plaintiff in error.—The question is simply whether the county is liable for the fees of the committing magistrate, under the Act of 24th May 1878, Pamph. L. 125, and hence the burden of proof was upon him to show : 1. That the offence committed by the defendant was a crime, and that the act under which he was sentenced contemplated a violation of its provisions, a crime within the meaning of the 64th section of Act of 31st March 1860, Pamph. L. 445. 2. That he was discharged according to law, so as to fix the responsibility upon the county for the costs.

That the violation of every public law is a crime in its broadest signification is admitted, but it cannot be that such was the intention of the framers of the criminal code when they penned the section aforesaid. The word "crime" undoubtedly was held by them in a more limited sense, and clearly was intended to cover only such offences as were the subject of indictment, or at least offences against public justice and morals, not a mere trespass.

The convict in the case stated was sentenced to pay a fine of $5 and costs, and to be imprisoned in the county jail for the term of ten days. In order, then, to comply with the requisites of the sentence, it was necessary to serve ten days in jail, pay his fine and costs ; on failure to pay the fine and costs, it was imperative he should remain in jail the further period of ten days before he could be lawfully discharged, so as to impose the costs of prosecution upon the county. This we submit was not done, but the sheriff, acting, as is claimed, upon the authority of the county commissioners, discharged the convict at the expiration of the time of imprisonment in said sentence mentioned, without fine or costs being paid by said convict.

Such discharge, we contend, was strictly unlawful, and no agreement on the part of the county commissioners to pay the fine could make it lawful ; hence the discharge was illegal, and the county not responsible.

*J. N. McCloskey* and *Myron Park Davis*, for defendant in error.—The court below placed the right construction on the 64th section of the criminal code, for by the terms of the case stated, Stebbins was convicted before a court of competent jurisdiction. And it being a summary conviction, there was but one way of disposing of the costs, there being no jury to fix the costs as in the case of misdemeanors, the distinction being, that the term conviction when applied to the verdict of a jury finding the defendant guilty, means conviction before sentence and judgment, while in summary proceedings the conviction and judgment are one and the same. While the Act of 1878 does not say that the offence therein prohibited is a crime, yet it enumerates offences that are so well known as both crimes and misdemeanors, that it is surprising that the question should ever be raised. The criminal code

[Crawford County *v.* Barr.]

does not specify any particular crime that the person shall be convicted of, to make him liable for the costs, and in case of discharge according to law, the county to be liable, but on the contrary, provides that "in all cases of conviction of any crime," &c. A crime is any act committed or omitted in violation of a public law, either forbidding or commanding it. And the general rule is that no person shall be excused from punishment for disobedience to law, unless he be expressly defined and exempted by the law itself. This man Stebbins was convicted of violation of a penal law, and the law considered him guilty, and the court before whom he was convicted pronounced the sentence against him, and he was placed in custody for the fulfilment of that sentence, part of which was the payment of the costs of the magistrate. The second section of the act commanded the infliction of this punishment, and the county authorities were bound by it, to see that the sentence was duly executed.

The commissioners have the power to discharge, and while it may be true that this power should be executed with great discretion, none are so well able to exercise that discretion as the county commissioners, who are on the ground and familiar with all the circumstances surrounding the particular case, and when it has been exercised and the county made a saving by it, they should not be permitted to repudiate their contracts. "The county commissioners have a right, and it is their duty to manage the financial affairs of the county. They are the guardians of the treasury and no money can be paid out except on their order. All special contracts for or on behalf of the county are made by them. They must see to the collections of the debts due to the county, and provide the ways and means to meet those which it owes. In the performance of these duties they have a wide latitude of discretion. They are not bound to sue a debtor from whom they claim nothing can be recovered ; and when a prisoner is detained merely for the non-payment of costs, even in a criminal case, they may advance the sum necessary to discharge him if they are satisfied that by doing so money can be saved to the treasury."—Chief Justice BLACK in the case of Schwamble *v.* The Sheriff, 10 Harris 19.

Mr. Justice TRUNKEY delivered the opinion of the court, January 5th 1880.

For prevention of trespasses upon railway trains it has been enacted that the trespasser, on conviction before a justice of the peace, shall forfeit and pay a penalty of not less than five dollars nor more than fifteen, and be committed to the county jail for a period not exceeding ten days ; but if he neglect to pay the penalty and costs immediately, he shall be committed for a further period of ten days: Act March 24th 1878, Pamph. L. 125. Punishment at hard labor is not authorized. The act has not provided that the

[Crawford County *v.* Barr.]

county shall pay the costs, if the convicted trespasser be lawfully discharged without having paid the same.

To recover costs, accrued in a criminal proceeding, it is necessary to show a statute obliging the county to pay, and when this cannot be done, an action against the county must fall. It is said the plaintiff may recover by virtue of a clause in the 64th section of the Act of March 31st 1860, Pamph. L. 445, namely, "that in all cases of conviction all costs shall be paid by the party convicted, but when such party shall have been discharged according to law, without payment of costs, the costs of prosecution shall be paid by the county." That section is a part of the Criminal Procedure Act, and is a consolidation of sections 11 and 15 of the Act of September 23d 1791, 4 Carey & Bioren's Laws 80, section 1 of the Act of March 20th 1797, 5 Id. 224, and section 13 of the Act of March 28th 1814, Pamph. L. 359. The Act of 1791, sect. 13, declared the county should pay the costs on indictments returned ignoramus, and the Act of 1797 imposed like obligation when a party charged should be acquitted by the petit jury. Later acts made other provision in all cases of such acquittal, except felonies. The Act of 1791, sect. 15, enacted, "That in all cases where any person shall be convicted of any offence or offences, which shall be punished capitally or by imprisonment at hard labor, the county" shall pay the costs of prosecution if the defendant hath not property to discharge the same. Prior to 1860 it was decided that the county was liable, under that section, for costs on conviction and sentence of a person, before a justice of the peace, for an offence punishable at hard labor; but not, unless the conviction and sentence showed the case was within said act: County of Northampton *v.* West, 4 Casey 173; County of Cumberland *v.* Holcomb, 12 Id. 349. The Act of 1814, sect. 13, enacted, "That in case of conviction in any Court of Oyer and Terminer, Quarter Sessions or mayor's court, all costs shall be paid by the party convicted, but when such party shall have been discharged according to law, without payment of costs, the same shall be paid by the county."

Section 64 of the Act of 1860, on its face, applies to costs on bills of indictment, it is part of an act directing the procedure in Courts of Oyer and Terminer and Quarter Sessions, and said act is silent as to convictions and costs before justices. The clause relied on as making the county liable in this, and like cases, is taken from the Act of 1814 which was limited to the courts therein named. Nothing in the report of the code commissioners indicates a purpose to extend the liability of the county to convictions before justices, and we see no reason for taking a clause out of a sentence, which constitutes the section, and giving it a construction it would not bear in its proper place. The detached clause may be separated without destroying its sense, yet it must be interpreted as in its true relation. It may be within the intendment of the consolidated

[Crawford County *v.* Barr.]

statute to continue the liability which was imposed by the Act of 1791; but, manifestly, there was no intention to include cases of convictions, before justices, punishable only by simple imprisonment.

County commissioners have no power to discharge a prisoner, or to remit fines, forfeitures and costs. If courts have sanctioned their acts in paying costs out of county funds, where a party was committed solely in default of payment of costs, that does not authorize their interference when there has been a conviction and sentence for a criminal offence. A judge considers the pecuniary ability of the party when he imposes the fine, and often will make the period of imprisonment shorter, because of the probability that the convict will remain, after its expiration, the prescribed time before he can be discharged under the insolvent laws: Schwamble *v.* The Sheriff, 10 Harris 18; Berks Co. *v.* Pile, 6 Id. 493. Stebbins was not discharged according to law; and the plaintiff could not recover, even if the county were liable in such a case after a lawful discharge without payment of costs.

Judgment reversed, and now on the case stated, judgment for defendant below.