# Dougherty, Appellant, v. Cumberland County.

*Fees—Counties—Sheriff—Criminal law—Vagrancy.*

A county is liable for the costs of prosecution, on a criminal charge, only where a statute so directs.

A county is not liable under the Act of May 8, 1876, P. L. 154, for the sheriff's fee of fifty cents on a commitment for vagrancy. The act contains no direction for payment by the county, and the Acts of March 31, 1860, P. L. 427, and May 19, 1887, P. L. 138, in relation to payment of costs by the county, do not embrace the proceedings under the act of 1876.

The sheriff is not entitled under the act of 1868 to a fee of fifty cents for the discharge of prisoners, other than vagrants, from his custody.

Where the sheriff has procured an order of the court of quarter sessions fixing the wages of a keeper of malefactors with a stipulation that "this compensation covers all fees to the sheriff or the keeper on the commitment of vagrancy," the sheriff cannot thereafter claim the fee allowed by the fee bill of 1868, "on commitment for any criminal matter," even if the Act of May 8, 1876, P. L. 154, imposed on the county the liability for its payment.

Argued Oct. 7, 1904. Appeal, No. 13, March T., 1904, by plaintiff, from judgment of C. P. Cumberland Co., for plaintiff on case stated in suit of W. H. Dougherty v. Cumberland County. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and MORRISON, JJ. Affirmed.

Case stated to determine whether the sheriff was entitled to a fee of fifty cents from the county for each vagrant committed, and also a fee of fifty cents from the county for the discharge of prisoners, other than the vagrants, from his custody.

The court, in an opinion by E. W. BIDDLE, P. J., entered judgment for defendant on the case stated.

*Error assigned* was the judgment of the court. _

*Fillmore Maust,* with him *F. E. Beltzhoover,* for appellant.— When the law imperatively imposes upon the sheriff the commitment of vagrants, even if they were not technically criminals, they are convicts and prisoners put by law in the custody of the sheriff, and the service in their reception and custody is exactly similar to the commitments of all others charged with the lower grades of misdemeanors and for such " similar ser-

vices " the sheriff is entitled to the " same fee " in the language of the act, which is fifty cents : Wilhelm v. Fayette County, 168 Pa. 462; Com. v. Taylor, 5 Pa. C. C. Rep. 510; Com. ex rel. Davis v. Kehoe, 11 Pa. C. C. Rep. 516; Totton v. Cumberland County, 11 Pa. C. C. Rep. 316 ; Com. v. Holloway, 5 Binney, 516.

The fees due the sheriff on commitments for criminal matters are provided for by the fee bill of April 2, 1868, P. L. 3. The wages to be paid the keeper of the jail is a distinct matter, and is provided for by the act of April 5, 1790, 2 Sm. L. 531.

The fees the sheriff is entitled to for each discharge of a prisoner other than vagrants, are authorized by the fee bill of April 2, 1868, in the provision " for services not herein provided for, the same fee as for similar services."

*E. M. Biddle,* for appellee.—To recover costs accrued in a criminal proceeding it is necessary to show a statute obliging the county to pay, and when this cannot be done, an action against the county must fail : Crawford County v. Barr, 92 Pa. 359; County of York v. Crafton, 100 Pa. 619; Wayne County v. Waller, 90 Pa. 99; Kirkendall v. Luzerne County, 11 Phila. 575 ; Ulrich v. Lebanon County, 1 Pa. C. C. Rep. 83.

The fee bill is silent on the subject, as is the vagrancy act of 1876, and it was held in Crawford County v. Barr, 92 Pa. 359, that section 64 of the Act of March 31, 1860, P. L. 427, does not apply in cases of conviction before a justice of the peace. The appellant therefore fails to point to any statute imposing liability for these costs on the county, and under the authorities referred to above such failure is fatal to his case.

The fee bill of April 2, 1868, P. L. 3, does not allow any fee for the discharge of criminals, and the sheriff is, therefore, not entitled to such fees from anyone : McNees v. Armstrong County, 20 Pa. C. C. Rep. 105. The fact that the Act of July 11, 1901, P. L. 663, expressly allows a fee for a discharge any criminal matter, where the former act was silent, is persuasive that no such fee was allowable under the act of 1868.

OPINION BY SMITH, J., December 12, 1904:

The question presented in this case is whether the county is

by law required to pay the fees claimed by the plaintiff, as sheriff, on certain commitments and discharges in criminal cases.

It has long been settled that the county is liable for the costs of prosecution, on a criminal charge, only when a statute so directs. Under existing statutory provisions, this liability arises :

1. " Where any person shall be brought before a court, justice of the peace, or other magistrate of any city or county of this commonwealth, having jurisdiction in the case, on the charge of having committed a crime, and such charge, upon examination, shall appear to be unfounded : " Act of September 23, 1791, sec. 13, 3 Sm. L. 37.

2. In proceedings by indictment, in cases of felony, when the bill is ignored, or the defendant acquitted : Act of March 31, 1860, P. L. 427, sec. 64; and when the defendant is convicted and has not paid the costs : Act of May 11, 1874, sec. 1, P. L. 132.

3. In proceedings by indictment, in the quarter sessions, in cases of misdemeanor, " on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury and sentence of the court thereon : " Act of May 19, 1887, P. L. 138, sec. 1. In these cases, the county is primarily liable, though the grand jury, in ignoring the bill, places the costs on the prosecutor : Allen v. Delaware County, 161 Pa. 550. And on a conviction, an indefinite suspension of sentence and discharge of the defendant from his recognizance is a termination of the prosecution equally with a sentence : Wright v. Donaldson, 158 Pa. 88. These provisions are confined to prosecutions in the quarter sessions, and do not extend to convictions in summary proceedings before a magistrate, or a justice's jury : Bradford County v. Wells, 125 Pa. 319.

4. In all cases other than felony, when the costs are placed on the county by the grand jury in ignoring the bill, or by the traverse jury in acquitting the defendant : Act of March 31, 1860, supra, sec. 62. But this disposition of the costs, on acquittal, must be the act of the jury, upon a submission to them of the question ; the county will not be liable on a pro forma verdict directed by the court, without evidence, through an

agreement by counsel: Long v. Lancaster County, 16 Pa. Superior Ct. 413.

5. On conviction of any crime, when the defendant is legally discharged without payment of costs : Act of March 31, 1860, supra, sec. 64. This section relates to convictions on indictment, and does not extend to summary convictions before justices, for offenses punishable by simple imprisonment : Crawford County v. Barr, 92 Pa. 359. It requires payment by the county, when, after conviction, a pardon is pleaded in bar of sentence and the defendant is thus discharged from liability : York County v. Dalhousen, 45 Pa. 372. As to felonies, this provision appears to be supplied by the act of May 11, 1874, and, as to misdemeanors, by the act of May 19, 1887.

6. On conviction in summary proceedings, so far as provided by the statute directing such proceedings. Instances of such provision are found, in relation to certain costs, in surety of the peace and desertion cases, under the Act of May 19, 1887, supra, sec. 2, and in prosecutions for vagrancy under the Act of May 8, 1876, P. L. 154. Under all the statutory provisions, therefore, the county is liable, on proceedings by indictment, whenever the indictment is ignored; also, in felonies, when the defendant is acquitted, and when he is convicted and has not paid the costs ; in misdemeanors, when there is a verdict and sentence thereon, or sentence is indefinitely suspended, and when payment is directed by the jury on acquittal. In summary proceedings, the county is liable so far as provided by the statute authorizing the proceedings ; and, on preliminary examinations, whenever the charge proves unfounded.

In the present case, a portion of the costs included in the plaintiff's demand are claimed under the act of May 8, 1876. This act defines the offense of vagrancy, fixes its punishment, and directs payment by the county of the fees and mileage of " the committing magistrate and officers making such arrest or commitment." By the fee bill of 1868, the sheriff is entitled to a fee of fifty cents " on commitment for any criminal matter : " Wilhelm v. Fayette County, 168 Pa. 462. Vagrancy is undoubtedly a criminal matter (Gilkyson v. Bucks County, 84 Pa. 22,) hence the sheriff is, entitled to this fee on a commitment for vagrancy. But it does not follow that this is chargeable to the county. The vagrancy act of 1876 contains no

direction for its payment by the county, and proceedings under that act are not within the provisions of the acts of 1860 and 1887 in relation to payment of costs by the county. The claim, therefore, fails of the necessary statutory support.

Further than this, it appears that the sheriff, having appointed Frederick B. Mentzer "keeper of the malefactors committed to the jail of said county," petitioned the court of quarter sessions to approve the appointment, "and to allow such wages to the said keeper as shall be adequate and proper," and that the court, on January 2, 1901, made an order approving the appointment, and fixing the keeper's wages at $500 a year, with the stipulation that "this compensation covers all fees to the sheriff or the keeper on the commitment of vagrants." This order was an entirety, and the sheriff, by maintaining the appointee in his position pursuant to its terms, must be held to have accepted the provision for compensation which he asked the court to make, and which, as made, excluded his claim to the fees which he now demands. Whether we regard the order as an approval of the appointment on condition that the compensation fixed should cover all fees on the commitment of vagrants, or view the sheriff's action in the premises as a waiver of all right to demand such fees from the county, the result is the same; the sheriff is now estopped from claiming those fees from the county, even if the law imposed on the county the liability for their payment.

The residue of the plaintiff's claim requires but brief consideration. The fee bill of 1868, P. L. 3, allows the sheriff a fee for discharging prisoners in civil cases, but none for their discharge in criminal cases. This omission is not covered by the provision fixing, for services not therein provided for, the same fees as for similar services. This was designed to provide for unusual services, that could not readily be specified or described, and is not to be extended to a service so obvious in character and so frequently recurring as the discharge of a prisoner in a criminal case. But even to concede the sheriff's right to this fee would not help the appellant in the present case, since there is nothing to show that the county is liable for its payment. The case stated sets forth only that the persons for whose commitment or discharge the fees are demanded were legally -committed to the sheriff's custody,

charged with criminal offenses other than vagrancy, and were held by him until legally discharged. But it nowhere appears that any of them were committed, held, or discharged under the statutory conditions that make the county liable for costs. These conditions form the basis of the plaintiff's right to payment by the county. Their existence cannot be left to inference, but must be affirmatively set forth. For all that appears on the part of the plaintiff, the prisoners referred to may have been committed, held and discharged under conditions that placed on the county no liability for costs; as, for example, commitment for nonpayment of costs when directed by a jury on acquittal, and most commitments on summary conviction; or discharge on bail, on nolle pros. after indictment found, or by the county commissioners under the Act of May 6, 1887, P. L. 86. The plaintiff's claim, therefore, cannot be sustained.

Judgment affirmed.