## Newton v. Luzerne County, Appellant.

*Costs—Subpœnas—Constable's fees—District attorney.*

A county is not liable for fees for serving subpœnas obtained by and served at request of a private prosecutrix, where there is nothing to show that this was done with the approval of the district attorney.

Argued Jan. 8, 1906. Appeal, No. 14, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1904, No. 1,099, for plaintiff on case stated in suit of John Newton v. Luzerne County. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Case stated to determine liability for fees. Before HALSEY, J. The court entered judgment for plaintiff on the case stated.

*Error assigned* was the order of the court.

*Anthony L. Williams,* with him *William S. McLean* and *Henry A. Gordon,* for appellant.—To recover from a county, costs accrued in a criminal proceeding, it is necessary to show a statute obliging the county to pay, and when this cannot be done, an action against the county must fail: Crawford County v. Barr, 92 Pa. 359; Wayne County v. Waller, 90 Pa. 99; Irvin v. Northumberland County, 1 S. & R. 505.

A private prosecutrix in a criminal case, at whose request a court subpœna has been served, cannot bind the county for the payment of the costs of the service of such subpœna: Com. v. Shell, 1 Pa. C. C. Rep. 41; Com. v. Eichenlaub, 1 Pa. C. C. Rep. 642; O'Leary v. Northnumberland County, 24 Pa. Superior Ct. 24.

*J. J. O'Donnell,* for appellee, cited : Coleman v. Hess, 1 Browne, 274; Youngs v. Harold, 7 Kulp, 285 ; Boyle v. Luzerne County, 8 Kulp, 141; Com. v. Neeley, 2 Chester Co. Rep. 105; McCallister v. Armstrong County, 9 Pa. Superior Ct. 423 ; Deitrick v. Northumberland County, 24 Pa. Superior Ct. 22; O'Leary v. Northumberland County, 24 Pa. Superior Ct. 24; Kottcamp v. York County, 28 Pa. Superior Ct. 96.

OPINION BY PORTER, J., March 12, 1906 :

The plaintiff brought an action of assumpsit to recover an amount alleged to be due him for services in serving a subpœna, requiring the attendance of witnesses in the court of quarter sessions of Luzerne county.   The parties agreed upon a case stated setting forth the facts under which the plaintiff alleged his right to recover, the court of common pleas entered judgment in favor of the plaintiff and the county appeals.

The facts agreed upon are as follows : the plaintiff, at the request Dora D. Sutton, the prosecutrix, served two subpœnas requiring the attendance of witnesses in the court of quarter sessions of Luzerne county, on behalf of the commonwealth in the case of Commonwealth v. B. Sutton; and the county of Luzerne was made liable for the costs of prosecution in said case.   "The contention of the plaintiff is that he should have been paid under the sheriff's fee bill, approved July 11, 1901." "The contention of the defendant is that the county of Luzerne is not liable to plaintiff for compensation on account of said services."

. There is no suggestion in the case stated that the plaintiff performed the services at the request of any officer authorized to bind the county by a contract; if he was entitled to recover of the county at all it was because his fees were properly taxable as costs in the court of quarter sessions, and as costs, in that court he ought to have recovered them, in case he had the right to do so.   The practice of bringing an action in the common pleas, in such a case, is certainly not to be encouraged. We will, however, without conceding the correctness of the practice, consider the one question that arises under the facts as stated.   The witnesses in question were subpœnaed by the plantiff at the request of the private prosecutrix, and not that of the district attorney of Luzerne county.   The Act of

May 3, 1850, P. L. 654, providing for the election of district attorneys, requires that "the officer so elected shall sign all bills of indictment and shall conduct in court all criminal or other prosecutions in the name of the commonwealth, or when the state is a party, which arise in the county for which he is elected." This legislation gives to the district attorney control of the processes of the commonwealth for the purpose of obtaining the attendance of witnesses, the discretion to determine what witnesses shall be subpœnaed as well as who shall be called upon to testify at the trial. When in any case there is an alleged abuse of discretion by the district attorney in the discharge of his duty, the law provides a remedy, but in that event the court must designate some other person, who for that purpose discharges the duties of the office. The Act of May 19, 1887, P. L. 138, provides : "That the county shall be liable only for costs of such witnesses, as the district attorney shall certify were subpœnaed by his order and were in attendance and necessary to the trial of the case," thus clearly demonstrating that it was the legislative intention, in enacting that statute, to leave the district attorney vested with the discretion to determine what witnesses should be subpœnaed, just as he had previously been. When it is sought to charge the county for costs in a criminal proceeding it is necessary to show a statute requiring the county to pay : Crawford County v. Barr, 92 Pa. 359 ; Wayne County v. Waller, 90 Pa. 99. There is no authority for charging a county for subpœnaing witnesses at the request of a private prosecutor, unless it be shown that it was done with the approval of the distraict attorney.

The judgment is reversed and judgment is now entered in favor of the county of Luzerne, with costs.