## Conniff *v.* Luzerne County, Appellant.

*Criminal law—Indictment—Grand jury—Costs.*

A county is liable for the costs of prosecution in a criminal case in which a defective indictment has been returned by the grand jury, "ignoramus, prosecutor to pay costs," although neither the prosecutor nor any witnesses had been called before it.

Argued Jan. 9, 1906. Appeal, No. 43, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., June T., 1905, No. 228, for plaintiff on case stated in suit of Sarah Conniff, Administratrix of Michael Conniff, deceased, v. Luzerne Co. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ. Affirmed.

Case stated to determine liability for costs. Before FER-RIS, J.

The opinion of the Superior Court states the case.

The court entered judgment for plaintiff on the case stated.

*Error assigned* was in entering judgment for plaintiff.

*Henry A. Gordon,* with him *William S. McLean* and *Anthony L. Williams,* for appellant.—The grand jury was without legal power to return the bill "ignoramus" because no

evidence of any kind was submitted to them: Com. v. Ditzler, 1 Lanc. Bar. 483; Com. v. McCuen, 75 Pa. 215.

*J. J. O'Donnell* for appellee.—The county was liable : Allen v. Delaware County, 161 Pa. 550.

OPINION BY ORLADY, J., March 12, 1906 :

The only question involved in this case is the liability of the county for the costs of prosecution in a criminal case in which a defective indictment has been returned by the grand jury, "ignoramus, prosecutor to pay costs," when neither the prosecutor nor any witnesses had been called before it. The case stated concedes that the proceedings before the justice of the peace, for which these costs are claimed, were regular ; the services rendered by the justice were in direct accordance with the requirements of our law, and that his transcript, with a proper recognizance, was duly returned to the court of quarter sessions.

It is also conceded that the indictment, framed on the information taken before the justice, was defective in form, and was submitted to the grand jury for the express purpose of making the county formally liable for the costs of prosecution. This "slip" indictment, as it is called, appears to have been sanctioned in cases where the district attorney and the court were of the opinion that it was proper to submit the case to the grand jury, for imposition of the costs on the prosecution or the county and it is due to the present judges of the court to say that the practice has existed for many years prior to their administration, and that justice was done in thus disposing of the case.

The district attorney is the attendant of the grand jury ; it is his duty as well as his privilege to lay before them matters upon which they are to pass ; to aid them in the examination of witnesses, and to give them such general instruction as they may require : Commonwealth v. Bradney, 24 W. N. C. 101 ; Ziegler v. Commonwealth, 10 Sadler's Penna. Supreme Court Cases, 404. He is the proper representative of the commonwealth and, by virtue of his office, is intrusted with exceptional power so that, when his management of the criminal business is approved by the court of quarter sessions, an appellate court

will presume that there was a good legal reason for such sanction. Treating it as a grossly defective indictment, yet, it contained a substantial statement of the offense charged in the information so as to inform the defendant of the nature of the offense charged against him; it was prepared by the proper officer of the court, was considered by the grand jury, returned and received by the court of quarter sessions as an indictment in due form. It could have been rejected as irregular and returned to the grand jury for amendment, which would have been the better practice. However, to all except the defendant it was a good indictment, and he could raise his objection to it only by demurrer or on a motion to quash before a jury was sworn and not afterwards. Acts of March 31, 1860, P. L. 427, sec. 11; 1 Purd. 1031 (Stewart's ed.), notes; Proffatt on Jury Trial, sec. 44.

The measure of proof required to find a true bill is laid down by Blackstone (4 Comm. 303) as follows: "In order to find a true bill a grand jury ought to be thoroughly persuaded of the truth of an indictment so far as their evidence goes; and not to rest satisfied merely on remote probabilities; a doctrine which might be applied to very oppressive purposes."

The return "ignoramus" is conclusive of nothing more than that at such time the grand jury were not possessed of sufficient evidence to warrant them in putting the accused to answer. Rowand v. Commonwealth, 82 Pa. 405. The grand jury is bound to make diligent inquiry, according to the terms of their oaths, and an indictment could not be properly returned as a true bill, without the examination of witnesses under oath called by them or on evidence of their own number; but we have found no case which holds that a grand jury may not return an indictment "ignoramus" when no witness is produced to sustain it. Whether many witnesses, or none, are called the return "ignoramus" means not found, or thrown out. Moreover, the defendant is not without his rights in such a proceeding and he is entitled to a prompt as well as a fair trial. When it is ascertained upon examination that the charge is unfounded, or that it is not possible to secure a conviction, it is the duty of the district attorney, as well in the interest of the county and the proper administration of our laws, to abandon further prosecution of the case. The fact that witnesses were

not called does not of itself invalidate the return "ignoramus, and prosecutor pay the costs." In case the prosecutor and his witnesses do not appear, the most the district attorney could do would be to proceed against them, and continue the case until the next term, when, unless the delay in hearing happen upon the application or with the consent of the defendant, he would be entitled to his discharge from imprisonment under sec. 54 of the Act of March 31, 1860, P. L. 427. At common law the county is not liable for such costs : Berks County v. Pile, 18 Pa. 493 ; and it becomes so only when a statute so directs : Dougherty v. Cumberland County, 26 Pa. Superior Ct. 610. Statutory provision is made for such cases by the numerous acts of assembly. By sec. 1 of the Act of May 19, 1887, P. L. 138, the costs of prosecution in every case of misdemeanor shall, on the termination of the prosecution, by the bill of indictment being ignored by the grand jury, be immediately chargeable to and paid by the proper county. This provision does not relieve the prosecutor from his liability to pay to the county the costs imposed on him by the return of the grand jury, and goes no further than to declare that, in the first instance, the county shall pay the costs of prosecution to the parties entitled thereto.

No excuse has been suggested for such laxity in pleading nor for adopting so unusual a method to determine the liability of the county, and, while not approving the practice indicated in this record, the contention of the county, first, that there was no bill of indictment ignored by the grand jury, and, second, that it was without legal power to make the return of "ignoramus" prosecutor to pay the costs," without calling witnesses before it, cannot be sustained.

The judgment is affirmed.