## Commonwealth v. Jaeger

*Harry M. Sablosky*, assistant district attorney, for Commonwealth.
*Edward F. Kane* and *W. H. Rosenberry*, for defendant.

DANNEHOWER, J., May 22, 1934.—This case comes before the court on exceptions to the taxation of costs of prosecution.

The defendant, Karl Jaeger, was arrested before a magistrate, being charged, in a single warrant, with larceny, accessory before and after the fact, and conspiracy to commit larceny.

When the district attorney received the transcript, he presented three separate bills of indictment to the grand jury, who found true bills.

The first bill of indictment charged the defendant with the larceny of bicycles, a felony, and contained 21 separate counts, each count charging the theft of a separate bicycle. On this indictment the petit jury found him "not guilty".

The second bill of indictment charged him with being an accessory after the

fact—a felony—and likewise contained 21 separate counts, one for each bicycle. On this indictment, the petit jury found him "not guilty".

The third bill of indictment charged him with conspiracy to commit larceny, a misdemeanor, of 21 bicycles with one Leo Kwartnik. On this indictment the petit jury found him "not guilty but the defendant pay the costs".

Thereupon, the defendant was sentenced on the conspiracy bill to pay the costs of prosecution, which were taxed in the amount of $285.07, to which the defendant filed exceptions, claiming that as there were three indictments, he should pay only one third of the total cost of the transcript, $10.85, of the total cost of subpœnaing witnesses, $42.50, and of witness fees, $198.59; and, as the defendant was acquitted on the other two indictments charging felonies, the county should pay two thirds of these costs.

The Act of March 31, 1860, P. L. 427, sec. 64, 19 PS § 1223, reads as follows:

"The costs of prosecution accruing on all bills of indictments charging a party with felony, returned ignoramus by the grand jury, shall be paid by the county; and that the costs of prosecution accruing on bills of indictment charging a party with felony, shall, if such party be acquitted by the petit jury on the traverse of the same, be paid by the county" &c.

There is no doubt that the county must pay the costs of prosecution on the two bills of indictment charging felonies, of which the defendant was acquitted.

The Act of March 31, 1860, P. L. 427, sec. 62, 19 PS § 1222, reads as follows:

"In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the offences aforesaid, the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict; and whenever the jury shall determine as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay the same within ten days."

There can be no doubt that the petit jury had power over the costs of prosecution on the bill of indictment charging the misdemeanor, and defendant was therefore properly sentenced to pay the costs and all the costs as they might be legally taxed on this indictment.

The Commonwealth called all the owners of the 21 bicycles to show when and under what circumstances each bicycle was stolen and the value thereof. The assistant district attorney trying the case certified that all witnesses subpœnaed were in attendance and necessary to the trial of the case. The clerk of courts taxed the costs and signed the same.

Under all the evidence in this case, the defendant was fortunate that he was not convicted and escaped with the payment of costs. But evidently the jury did not desire to convict on the testimony of an alleged accomplice, Leo Kwartnik, who had a record of two prior convictions and pleaded guilty to the larceny of these bicycles.

The question for decision is whether under these circumstances the county should pay two thirds of the above-mentioned items, and the defendant one third.

40

The transcript, subpœnas, and witnesses were all necessary for the trial of this defendant for the crime of conspiracy. We fail to see how the costs of prosecution as taxed by the clerk of courts can be divided or apportioned between the county and this defendant. While costs can be apportioned between a prosecutor and a defendant, nevertheless there is no statutory authority for a division of costs between the county and a defendant.

The county is not liable for costs unless expressly made so by statute: Dougherty v. Cumberland County, 26 Pa. Superior Ct. 610.

Here, the defendant was charged with crime on one information, one warrant, one transcript, and one set of costs on the transcript. It was discretionary with the district attorney to draw a separate indictment charging conspiracy. He was not compelled to place all offenses in one indictment with different counts. Conspiracy was a separate and distinct crime of unlawful combination with another and grew out of a series of thefts over a period of 10 months, and not from one transaction. These offenses were not committed at one and the same time and did not grow out of one and the same transaction, and one bill of indictment could not be legally made to serve or promote the due administration of justice.

We will not impose unjust burdens upon the taxpayers of our county; therefore we conclude that the county should not pay any part of the costs of prosecution on the conspiracy indictment, as taxed by the clerk of the courts.

And now, May 22, 1934, the exceptions to the taxation of costs of prosecution are hereby overruled and dismissed.

From Aaron S. Swartz, Jr., Norristown, Pa.