## Commonwealth v. Cain

*R. Paul Lessy*, for relator.

*William B. McClenachen, Jr.*, district attorney, and *Clement J. McGovern*, assistant district attorney, for Commonwealth.

*Albert J. Williams*, county solicitor, for county.

BROOMALL, J., December 10, 1937.—A petition for a writ of habeas corpus was presented by the relator, Kendrick Mackey, as of the above number and term. Relator at the time was lodged in the county jail as a defendant in a criminal prosecution charging him with rape. The writ was allowed and after hearing before Broomall, J., relator was remanded with bail fixed at $1,500. Relator subpœnaed the witnesses who testified at the hearing on the writ.

Subsequently relator presented a petition on which a rule was granted on the district attorney and county solicitor to show cause why the following costs should not be paid by the county, namely:

| | |
|---|---:|
| Common pleas subpœna | $0.30 |
| Service of subpœna by Randall Mathues | 3.50 |
| Service of Dr. Triboletti | 10.00 |
| Affidavit to petition for habeas corpus | .50 |
| | $14.30 |

The contention of counsel for relator, as stated in his brief, is that a petitioner in a habeas corpus proceeding,

who subpœnas the witnesses for the Commonwealth, is entitled to be paid the costs thereof by virtue of the Act of April 14, 1868, P. L. 98, 12 PS §1877.

The writ of habeas corpus is an implied common-law power of the court as of right, existing both before and after the passage of the Act of February 18, 1785, 2 Sm. L. 275, 12 PS §1871. This act regulates the practice where a person is detained for a criminal or supposed criminal matter, or is confined or restrained of liberty under any pretense whatever. The writ issues out of the court of common pleas upon "payment or tender of the charges" to the officer. This requires that the relator must at least pay the costs before the writ issues.

The Act of April 17, 1866, P. L. 112, sec. 1„ 12 PS §§1875-76, provides: "That the judge, or court, before whom any writ of *habeas corpus* shall be returnable, shall have the power to issue subpœnas, and all other process, necessary to compel the attendance of witnesses"; and by section 2: "That the officer serving the process, and the witnesses in attendance, shall be entitled to the same mileage, fees and allowances, as for similar service and attendance before a justice of the peace; and the costs of service and attendance, on the part of the common-wealth, shall be paid by the proper county, and taxed as costs in the case." This act is a supplement to the Criminal Code of March 31, 1860, P. L. 427, which contains no provision for the payment of costs on writs of habeas corpus.

The Act of 1868, supra, provides that:

". . . it shall be lawful for the court of common pleas or any judge thereof before whom any writ of *habeas corpus* shall be heard, upon the petition of any person or persons charged with any criminal or supposed criminal matter, to make an order for the payment by the proper county or by the prosecutor or prosecutors in the case, as the said court or the judge hearing the case may determine, of the costs and fees of the witnesses subpœnaed by the district attorney on the part of the com-

monwealth: Provided, That the fees of witnesses shall be the same as are allowed by law in civil cases."

The writ of habeas corpus will not be issued where the restraint of the party is under civil process. The writ itself, however, is a civil remedy to inquire if the restraint is legal and lawful. It follows, therefore, that the issue must be determined under the law relating to civil proceedings.

The practice is for the writ to issue in the name of the Commonwealth at the relation of the defendant and against the jailer or officer detaining defendant, who brings defendant into court with a return showing a commitment. The defendant becomes the relator and must establish that the proceedings are illegal and unlawful or the evidence insufficient. At common law no evidence is necessary to support the return; it imports verity until impeached: Crowley v. Christensen, 137 U. S. 86, 95. The return of the officer contains a copy of the commitment. If the relator is satisfied that the commitment is legal and desires to question the sufficiency of the evidence, he must produce the witnesses for examination; otherwise the writ will be dismissed. Our practice for years has been to require relator to produce in court, at his expense, the witnesses who testified before the magistrate issuing the commitment.

As counsel have not cited and by independent search we have failed to find any decisions under the acts cited on the point in question, the most that can be said for the Act of 1868, supra, is that it confers upon the court of common pleas discretionary powers to determine whether the county or the prosecutor shall pay the costs and fees of witnesses who are subpœnaed by the district attorney. Such discretionary power exists where the writ involves children or persons detained in other than criminal proceedings: Commonwealth ex rel. v. Legel, 17 Dist. R. 762.

In Commonwealth v. Garramone, 115 Pa. Superior Ct. 588, the court said: "A county is liable as an agent of the Commonwealth to pay only such costs, in criminal

340

cases, as the legislature has specifically and clearly imposed upon it." Also in Commonwealth v. Trunk et al., 117 Pa. Superior Ct. 494: "Statutes permitting the imposition of costs in criminal cases upon the public are to be construed strictly." It therefore follows that the petition must be dismissed as the witnesses were not subpœnaed on the part of the Commonwealth: Act of 1866, supra, or by the district attorney on the part of the Commonwealth: Act of 1868, supra.

Under our ruling we are not called upon to pass upon the items claimed or the amount of the witness fees.

And now, to wit, December 10, 1937, the rule granted is dismissed and discharged.